ANDERSON v. ANDERSON.

DIVORCE—CUSTODY OF CHILDREN—AMENDING DECREE—WIFE'S REPUTATION.

Order amending divorce decree by taking custody of minor son from wife and giving it to husband, and reducing weekly amount required to be paid to her for support of son and daughter from $3.75 to $2.50, *held*, not justified, where husband's charges that wife's reputation for morality was bad and that she used intoxicating liquors to excess were not sustained by evidence.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 19, 1933. (Docket No. 160, Calendar No. 37,040.) Decided May 16, 1933.

Divorce proceedings between Mildred Faye Anderson and Murray Franklin Anderson. On petition of defendant for amendment of decree to reduce alimony and to gain custody of a minor child. From an order amending the decree, plaintiff appeals. Reversed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

McDonald, C. J. This is an appeal by the plaintiff from an amended decree in divorce proceedings.

In October, 1930, the plaintiff was awarded a decree of divorce from defendant, Murray F. Anderson, and given the custody of their two children, Robert and Betty, aged five years and two years, respectively. The defendant was required to pay $3.75 a week for the support of each child. He did not pay, and was brought before the court, adjudged guilty of contempt, and placed on probation. In September, 1932, he was again brought into court on petition of the plaintiff. Before the hearing, he filed a petition asking that the decree be amended as to alimony and support of the children, and that he be given the custody of the boy, Robert, for the reason that the plaintiff used intoxicating liquor to excess, and that her reputation for morality in the city where she resided was bad. On the hearing, the court amended the decree by giving defendant the custody of the boy, and reducing the payment for support of the girl to $2.50 a week. The plaintiff has appealed.

There is a total lack of evidence to support the defendant's charges that the plaintiff's reputation for morality was bad and that she used intoxicating liquor to excess.

For two years following her divorce from the defendant, the plaintiff and her two children lived with her mother in the city of Otsego. No witness was called to testify to her reputation and no evidence was offered to show that her mother's home was not a proper place for the children.

There was testimony from the plaintiff herself amounting to nothing beyond indiscretion on one occasion in the evening when she visited her uncle's house. He was away; and she stayed several hours with a man with whom she drank some beer. She testified that beyond drinking the beer nothing improper occurred between them. Her uncle came home intoxicated, and attempted some liberties with her. She resisted him and left or was put out of the house. Her conduct on this occasion was not sufficient to stamp her as a woman of immoral character unfit to have the custody of her children. There was no evidence that she was in the habit of drinking intoxicating liquor or of associating with persons of questionable character, or that she failed to give the children proper care.

The evidence does not justify the amended decree. It is reversed and a.decree will be entered here in accordance with this opinion.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.